IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORMA J. FAISON,

        Plaintiff,

   v.

JO ANNE B. BARNHART,
Commissioner of Social
Security,

        Defendant.
_____/

No.  CIV.S-04-1128 DAD

ORDER

This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for remand and defendant's cross-motion for summary judgment.  For the reasons explained below, the decision of the Commissioner of Social Security ("Commissioner") is reversed and this matter is remanded for further proceedings.

**PROCEDURAL BACKGROUND**

Plaintiff Norma Jean Faison applied for Disability Insurance Benefits and Supplemental Security Income under Titles II

1

and XVI of the Social Security Act (the "Act"), respectively. (Transcript (Tr.) at 43-45, 254-57.) The Commissioner denied plaintiff's applications initially and on reconsideration. (Tr. at 263-67, 268-72.) Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on November 3, 2003, at which time plaintiff was represented by counsel. (Tr. at 273-96.) In a decision issued on November 25, 2003, the ALJ determined that plaintiff was not disabled. (Tr. at 8-15.) The ALJ entered the following findings:

> 1. The claimant met the disability insured status requirements of the Act on April 1, 1998, the date the claimant stated she became unable to work.
>
> 2. The claimant has not engaged in substantial gainful activity since April 1, 1998.
>
> 3. The medical evidence establishes that the claimant has severe back, neck and hand pain, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. Her alcohol abuse, in remission, and depression are not severe.
>
> 4. The claimant's testimony is not substantially credible for the reasons set forth in the body of the decision.
>
> 5. The claimant has the residual functional capacity to perform the physical exertion requirements of work except for performing occasional lifting in excess of 10 pounds and prolonged standing or walking (20 CFR 404.1545 and 416.945).

/////

/////

> 6. The claimant is able to perform her past relevant sedentary work as a customer service representative.
>
> 7. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. at 14.) The Appeals Council declined review of the ALJ's decision on April 22, 2004. (Tr. at 5-7.) Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the complaint in this action on June 8, 2004.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. See Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a

3

specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920.  See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  This five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is conclusively presumed disabled.  If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his or her past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).  The claimant

4

bears the burden of proof in the first four steps of the sequential evaluation process. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff argues in her motion for remand that the ALJ erred at step two of the sequential evaluation by failing to find plaintiff's alleged mental impairment to be a severe impairment. Plaintiff's argument is persuasive.

It is well-established that at step two of the sequential evaluation the ALJ must determine if the claimant has a medically severe impairment or combination of impairments. Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at 140-41). The purpose of step two of the sequential evaluation is merely to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account. Yuckert, 482 U.S. at 153. "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" Smolen, 80 F.3d at 1290 (citations omitted). See also 20 C.F.R. §§ 404.1521(a), 416.921(a).

Here, the record indicates that plaintiff suffers from a mental impairment which limits her ability to work. Specifically, during 2001 and 2002 plaintiff was assessed with recurrent major

depression by a variety of health care providers.  (Tr. at 138-39, 142-45, 160, 161-64, 165.)  At least once during that period plaintiff was assessed as suffering from a bipolar disorder.  (Tr. at 178.)  Plaintiff's symptoms were found to range from moderate to severe in terms of their severity and only limited success was achieved with medications.  (Tr. at 138-39, 142-45, 150-53, 158-59, 160, 161-64, 165, 178-84.)  One physician, C. Weintraub, M.D., specifically indicated on September 19, 2002, that plaintiff had only a "fair" ability (as opposed to a "good" or "unlimited" ability) to understand, remember, and carry out simple instructions; maintain concentration, attention and persistence; and perform activities within a schedule and maintain regular attendance.  (Tr. at 189.) Dr. Weintraub further opined that plaintiff had a "poor" ability to complete a normal work-day and work-week without interruptions from psychologically based symptoms and a "poor" ability to respond appropriately to changes in the work setting.[1]  (Id.)

---

[1] The ALJ rejected Dr. Weintraub's findings regarding plaintiff's limitations, explaining that "the doctor's mental status examination findings ... were all essentially within normal limits." (Tr. at 13-14.)  However, the ALJ's characterization overlooks the specifics of Dr. Weintraub's report which reflects that Dr. Weintraub diagnosed plaintiff with bipolar disorder and polysubstance abuse and planned to rule out a personality disorder with histrionic traits. (Tr. at 187.)  Dr. Weintraub also observed plaintiff to be fidgety, mildly irritable and exhibiting only fair judgment. (Tr. at 187-88.) Plaintiff was also found to have a depressed mood and labile affect. (Tr. at 188.) Accordingly, the reason articulated by the ALJ for rejecting Dr. Weintraub's opinion was not a specific and legitimate reason supported by substantial evidence in the record. See Lester, 81 F.3d at 830 ("Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing.").

On September 30, 2002, a non-examining state agency physician, F. Mateus, M.D., found plaintiff moderately or markedly limited in many respects regarding her abilities to understand; remember; concentrate; persist; socially interact; and adapt. (Tr. at 191-208.) Dr. Mateus further opined that even without drugs and alcohol plaintiff would be limited to performing simple tasks with simple instructions involving only minimal contact with people. (Tr. at 114, 117.)

Finally, two letters from plaintiff's treating psychiatrist, Lisa Wang, M.D., indicate that plaintiff is markedly impaired in several areas due to her bipolar disorder. (Tr. at 251-52.) One of those letters is undated while the other is dated June 15, 2003. (Id.) Plaintiff's treating therapist, Jane E. Kostka, L.C.S.W., also opined in a letter dated July 11, 2003, that plaintiff is unable to perform many of the activities required by work activity due to her bipolar disorder.[2] (Tr. at 253.)

---

[2] The ALJ rejected the opinion of Dr. Joyce, and presumably the opinion of Ms. Kostka, essentially explaining that those opinions (1) were conclusory and not corroborated by objective clinical findings or treatment records; (2) do not take into account plaintiff's "propensity to amplify or exaggerate her symptoms;" (3) do not recommend further treatment; (4) conflict with the other mental health evidence in the record; and (5) are inconsistent with plaintiff's "wide ranging daily activities." (Tr. at 14.) However, the ALJ easily could have addressed these first three concerns by requesting the treatment notes of Dr. Joyce and Ms. Kostka, which he failed to do. See DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991)(stating that ALJ's duty to develop record in cases of mental impairments is "especially important"). Further, treatment notes in the record from other providers, the opinion of Dr. Weintraub and the opinion of one of the nonexamining physicians, as summarized above, simply do not conflict with the opinions of Dr. Joyce and Ms. Kostka. Finally, the ALJ's observation regarding plaintiff's "wide-ranging" activities is inaccurate. The testimony and statements of plaintiff

7

While this evidence may not ultimately lead to a finding of disability, it clearly indicates that plaintiff's major depression and/or bipolar disorder have more than a minimal effect on her ability to work.  Plaintiff's medical history reflects that she suffered from something more than a slight abnormality during the relevant time period.  Thus, the ALJ erred at step two of the sequential evaluation in not finding plaintiff's alleged mental impairment to be a severe impairment.  In reaching this conclusion the court is particularly mindful that the step-two inquiry is but "a de minimis screening device to dispose of groundless claims." Smolen, 80 F.3d at 1290 (citing Yuckert, 482 U.S. at 153-54).  See also Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001). Remand is required so that the ALJ can proceed beyond step two of the sequential evaluation process with respect to plaintiff's severe mental impairment.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for remand is granted;

2. Defendant's cross-motion for summary judgment is denied; and

/////

---

and her daughter as a whole hardly reveal "wide ranging" activities but instead reflect that plaintiff's activities are limited to occasional shopping along with minimal cooking and household chores daily. (Tr. at 70-95, 281-83.)  Accordingly, the ALJ failed to articulate specific and legitimate reasons supported by substantial evidence in the record in rejecting the opinions of Dr. Joyce and Ms. Kostka.  See Lester, 81 F.3d at 830.

8

3. The decision of the Commissioner of Social Security is reversed and this case is remanded for rehearing consistent with the analysis set forth herein. See 42 U.S.C. § 405(g), Sentence Four.

DATED: August 17, 2005.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
ddad1\orders.socsec\faison1128.order

9